UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SAMUEL F. BULL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

CASE NO. 2:22-cv-00101-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 4, 2022

    This matter is before the Court on referral from the District Court (Dkt. 2) and on the Court's *sua sponte* review of plaintiff's complaint.

    Plaintiff is *pro se* and initiated this matter on January 31, 2022 when he paid the filing fee and filed a complaint naming the United States of America, President Joe Biden, and Attorney General Merrick Garland as defendants. *See* Dkt. 1. Plaintiff alleges these defendants have violated the First Amendment of the Constitution by orchestrating "the detention of Julian Assange." *Id.* at 5. Plaintiff seeks an injunction ordering defendants to "cease their efforts to keep Julian Assange detained by the government of the U.K." *Id.* at 6. However, plaintiff does

REPORT AND RECOMMENDATION - 1

not have standing to bring such a claim because his injury is not particularized or he is asserting the rights of a third person. Therefore, the Court recommends that the District Court *sua sponte* dismiss plaintiff's complaint without prejudice and without leave to amend.

## DISCUSSION

The Court must dismiss a complaint if it determines at any time that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h). "Standing is a threshold matter central to our subject matter jurisdiction." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007). Federal courts must raise the adequacy of standing *sua sponte*. *See D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).

To establish standing, a plaintiff must allege an (1) "injury in fact," (2) that is "fairly traceable" to a defendant's challenged conduct, and (3) that is "likely to be redressed" by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 589–90 (1992). An injury in fact must be actual or imminent and concrete and particularized. *Id.* at 560. A "particularized" injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* at 560 n.1. An interest that a plaintiff holds in common with society at large is too abstract to constitute an injury in fact and is insufficient to confer standing. *Id.* at 573–74.

Here, plaintiff states that the alleged harm "is to the essential political rights guaranteed to all citizens of the United States of America." Dkt. 1 at 5. Such a harm is insufficient to confer standing. "A purported injury is an impermissible 'generalized grievance' when the interest of the party asserting it 'is plainly undifferentiated and common to all members of the public.'" *Perry v. Newsom*, 18 F.4th 622, 634 (9th Cir. 2021) (quoting *Lance v. Coffman*, 549 U.S. 437, 439 (2007)).

To the extent that plaintiff is suing on behalf of Mr. Assange, "[i]t is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." *Coalition of Clergy v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.").

Even if plaintiff could allege an injury regarding the detention of Mr. Assange, plaintiff fails to explain how his detention is fairly traceable to defendants, who are the United States or officials thereof, rather than the independent actions of a third party. Plaintiff alleges that Mr. Assange is "detained by the government of the U.K." Dkt. 1 at 6. "[W]here the causal chain involves [a] third part[y] whose independent decisions collectively have a significant effect on plaintiff['s] injuries . . . the causal chain is too weak to support standing." *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012).

Because plaintiff is *pro se*, the Court will liberally grant leave to amend if it appears that plaintiff can correct the deficiencies. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, it does not appear that plaintiff can cure his standing deficiencies. Therefore, granting leave to amend would be futile.

## CONCLUSION

Based on the foregoing, the Court recommends that the District Court *sua sponte* dismiss plaintiff's complaint (Dkt. 1) without prejudice and without leave to amend. The case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

1  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
2  objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
3  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
4  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 4,**
5  **2022,** as noted in the caption. The Clerk is further directed to send a copy of this Report and
6  Recommendation to plaintiff.

   Dated this 11th day of February, 2022.

   J. Richard Creatura
   Chief United States Magistrate Judge